UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FLAMM, *et al.*,<br><br>Defendants. | Case No. 3:22-CV-00278-ART-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>[ECF No. 15] |

Currently pending before the Court is Plaintiff Lausteveion Johnson's ("Johnson") motion for clarification. (ECF No. 15.) In the motion, Johnson requests clarification related to which defendants the Office of the Attorney General ("OAG") accepts service for in this case and which defendants it would *not* accept service for. (*Id*.) For the reasons stated below, Johnson's motion for clarification, (ECF No. 15), is **GRANTED**.

On November 4, 2022, this Court granted Johnson's in forma pauperis ("IFP") application ("the IFP Order"). (ECF No. 7.) In the IFP Order, the Court explicitly ordered the OAG to file a notice with the Court within 21 days advising the Court of: (1) the names of the defendants for whom it accepted service; (2) the names of the defendants for whom it would *not* accept service; and (3) the names of the defendants for whom it would be filing the last-known-address information under seal. (*Id*. at 2, ¶ 6.) For those defendants that the OAG did not accept service for, the IFP Order also *explicitly* directed the OAG to file, under seal, the last known addresses for each of those defendants for whom it had such information. (*Id*.) This notice, and the last-known-address information, was required to be filed by no later than November 25, 2022.

The OAG did not comply with the IFP Order. Rather, on November 22, 2022, the newly assigned Deputy Attorney General ("DAG") filed a "notice of appearance," wherein he simply listed the names of certain defendants that he was *appearing* on behalf of. (ECF No. 8.) This notice of appearance did not reference whether the OAG was accepting service on behalf of these defendants, nor does it list the names of the defendants that the OAG did *not* accept service for. No "notice of accept of service" was ever filed by the OAG or the assigned DAG. Moreover, the OAG failed to file, under seal, the required last-known-addresses for those defendants it did not accept service for, as required by the IFP Order.[1] Due to the OAG's failure to comply with the IFP Order, coupled with the filing of only a notice of appearance, neither the Court nor Johnson can discern who the OAG has or has not accepted service for in this case. Moreover, due to these failures, Johnson cannot comply with his obligations to request service to be made on those defendants who the OAG has not accepted service for.

For these reasons, Johnson's motion for clarification, (ECF No. 15), is **GRANTED**. The OAG is ordered to file a proper "notice of acceptance of service" as outlined in paragraph 6 of the IFP Order, (ECF No. 7), by no later than **Friday, December 9, 2022**. Any failure to comply with this Order will result in sanctions.

DATED: December 1, 2022

UNITED STATES MAGISTRATE JUDGE

---

[1] The DAG assigned to this case subsequently filed two motions in this case: (1) a motion to dismiss, (ECF No. 12); and (2) a motion to revoke Johnson's IFP status, (ECF No. 13). However, the filing of these motions did not relieve the OAG of its obligations to comply with the terms of the IFP Order.